**Hilario Mijares PEREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76018.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 7, 2008.

Hilario Mijares Perez, pro se.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, Stacy S. Paddack, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Margaret A. O'Donnell, U.S. DOJ–Office of Enforcement Operations, Criminal Division, Washington, DC, for Respondent.

Before: THOMAS, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Hilario Mijares Perez, a native and citizen of Mexico, petitions for review of an

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

order of the Board of Immigration Appeals ("BIA") denying his motion to reopen to seek relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of the motion to reopen for abuse of discretion. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004). We deny the petition for review.

The BIA acted within its discretion in denying as untimely Mijares Perez's motion to reopen because it was filed more than one year after the BIA's final administrative decision, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must generally be filed within 90 days after the date of the final administrative decision), and because the time limitation applies to Mijares Perez's motion, *see* 8 C.F.R. § 1208.18(b)(2) (stating the time limitations only do not apply to motions to reopen for purposes of protection under CAT when the final order of removal became final prior to March 22, 1999). Furthermore, the BIA properly found that Mijares Perez did not meet the "changed circumstances" exception to this timeliness requirement because he failed to present material and previously unavailable evidence of changed conditions in Mexico. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

**PETITION FOR REVIEW DENIED.**